The oath and the perjury penalty are "prophylactic rules" of "auxiliary probative policy" that seek "to remove, before the evidence is introduced, such sources of danger and distrust as experience may have shown lurk in it." 4 J. Wigmore,Evidence § 1172 (Chadbourn Rev. 1972).
 "The oath, which can be traced back to Germanic law and custom, and in this state to § 2301 of the Alabama Code of 1852, now Ala. Code 1975, § 12-21-135, pits a witness's motive to falsify against his fear of divine punishment, and tends to make it less likely that he will bear false witness. The perjury penalty tends to make it less likely that a witness will testify falsely, by adding fear of temporal punishment to that of divine punishment."
Ex parte Frazier, 562 So.2d 560, 566 (Ala. 1989).
I think that there is a legal presumption that a witness, who is sworn to tell the truth and who testifies, testifies truthfully. The oath and the penalty for perjury are two prophylactic rules that have been promulgated to assure, and are time-honored in assuring, that truth, "which is thesine qua non of a fair trial,"[1] "will out." I would overrule cases that hold that it is error to instruct a jury that there is a legal presumption that every witness who takes the witness stand and is sworn to tell the truth, the whole truth, and nothing but the truth, testifies truthfully.
[1] Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628, 1631,14 L.Ed.2d 543 (1965).